Filed 6/8/23 Lopez v. Pacific Dental Services CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| SABRINA LOPEZ, | |
| Plaintiff and Respondent, | E078639 |
| v. | (Super. Ct. No. CVRI2103633) |
| PACIFIC DENTAL SERVICES, LLC et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County. Carol A. Greene, Judge. Reversed.

Sheppard, Mullin, Richter & Hampton, Richard J. Simmons, Nora K. Stilestein, Tyler J. Johnson, for Defendants and Appellants.

Perona, Langer, Beck, Serbin, & Harrison, Ellen R. Serbin, Todd H. Harrison, Brennan S. Kahn and Gerardo J. Sosa, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Pacific Dental Services, LLC (PDS) and Kristen Dunn-Sanchez appeal the trial court's order denying their petition to compel arbitration of Sabrina Lopez's claims. We reverse.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

PDS hired Lopez as an oral surgery dental assistant with Dunn-Sanchez as her supervisor. As part of her onboarding paperwork, Lopez signed and agreed to a "Mutual Binding Arbitration Agreement." Lopez signed a "Binding Arbitration Policy" (the Agreement) in an employee handbook about four years later, which expressly superseded the previous arbitration agreement she signed.

The Agreement is two pages long with many provisions, but only two provisions are at issue. The first says in relevant part, "[T]he arbitrator selected shall be a retired judge, or otherwise qualified individual to whom the parties mutually agree, and shall be subject to disqualification on the same grounds as would apply to a judge of such court" (the arbitrator-selection provision). The second says, "The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration" (the discovery provision).

2

Lopez later sued PDS, Dunn-Sanchez, and third-party medical provider, Central Occupational Medical Providers-Ontario (COMP), asserting ten causes of action, including claims for violating the Fair Employment and Housing Act (Gov. Code, § 12940 et seq.), wrongful termination, and defamation.[1] All of Lopez's claims pertain to her employment with PDS.

PDS and Dunn-Sanchez—but not COMP—moved to compel arbitration of Lopez's claims, arguing they must be arbitrated under the Agreement. PDS and Dunn-Sanchez argued, however, that COMP could enforce the Agreement even though it is a non-signatory to the contract and thus Lopez's claims against COMP should be arbitrated as well.

Lopez opposed the motion on the grounds that PDS and Dunn-Lopez cannot move to compel arbitration of her claims against COMP on COMP's behalf and, regardless, the Agreement is unconscionable. Lopez argued the Agreement was procedurally unconscionable because it is a contract of adhesion given that she had to sign it as a condition of employment with PDS and that the arbitrator-selection and discovery provisions were substantively unconscionable.

The trial court found the Agreement unenforceable as unconscionable and denied PDS and Dunn-Sanchez's petition to compel arbitration on that basis. The trial court thus declined to rule on the parties' dispute over the arbitrability of Lopez's claims against COMP. PDS and Dunn-Sanchez timely appealed.

---

[1] The specifics of Lopez's claims are not relevant to the issues on appeal.

3

III.

DISCUSSION

PDS and Dunn-Sanchez contend the trial court erroneously found the Agreement unconscionable and thus unenforceable. We agree.

1. *Applicable Law and Standard of Review*

Under Civil Code section 1670.5 and Code of Civil Procedure section 1281, if the court finds an arbitration contract or any clause of the contract to have been unconscionable when made, the court may refuse to enforce the contract. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 (*Armendariz*).) The doctrine of unconscionability has both a procedural and a substantive element. (*Ibid*.) Both procedural and substantive unconscionability must be present in order "'for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.'" (*Ibid*.) The party resisting arbitration bears the burden of showing the arbitration agreement is procedurally and substantively unconscionable. (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 246.)

"In general, '[t]here is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed. [Citations.]'" (*Laswell v. AG Seal Beach, LLC* (2010)

4

189 Cal.App.4th 1399, 1406.) "'Where, as here, the evidence is not in conflict, we review the trial court's denial of arbitration de novo.'" (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 126.)

### 2. *Procedural unconscionability*

"A procedural unconscionability analysis 'begins with an inquiry into whether the contract is one of adhesion.' [Citation.]" (*OTO, L.L.C. v. Kho*, *supra*, 8 Cal.5th at p. 126.) An adhesion contract is "'a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.' [Citation.]" (*Armendariz*, *supra*, 24 Cal.4th at p. 113.)

Lopez signed the Agreement during her new employee onboarding and later as a PDS employee. As either a prospective or current party employee, Lopez was the weaker party. (See *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 176.) The Agreement was presented to her as a prewritten, standardized form. There is no evidence that PDS explained the Agreements terms to her or told her that agreeing to it was optional. PDS presented no evidence that suggested Lopez could have negotiated the Agreement's terms or that it was optional. On this record, we can infer—and PDS does not dispute—that Lopez "was required to sign the [Agreement] as a condition of [] employment," which rendered it an adhesive contract. (*Murphy v. Check 'N Go of California, Inc.* (2007) 156 Cal.App.4th 138, 144.)

"[T]he adhesive nature of [a] contract is sufficient to establish some degree of procedural unconscionability." (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 915; accord, *Lennar Homes of California, Inc. v. Stephens* (2014) 232 Cal.App.4th 673, 688 [adhesive nature of contract was "enough to satisfy the minimum" required to find procedural unconscionability]; *Ajamian v. CantorCO2e, L.P.* (2012) 203 Cal.App.4th 771, 796 ["The finding that the arbitration provision was part of a nonnegotiated employment agreement establishes, by itself, some degree of procedural unconscionability"].) The trial court therefore correctly found that the Agreement is procedurally unconscionable.

### 3. *Substantive Unconscionability*

However, the trial court found incorrectly found that the Agreement's two challenged provisions are substantively unconscionable.

"'Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause.'" (*Lhotka v. Geographic Expeditions, Inc.* (2010) 181 Cal.App.4th 816, 824-825.) In *Armendariz*, our Supreme Court held that an arbitration agreement in an employment contract is unconscionable if it does not provide for the appointment of a neutral arbitrator. (*Armendariz*, *supra*, 24 Cal.4th at p. 102.) As Lopez concedes (at least implicitly), the Agreement satisfies this requirement by providing that the arbitrator shall be an "individual to whom the parties mutually agree."

Lopez argues the arbitrator-selection clause is nonetheless substantively unconscionable because it does not provide a procedure for selecting a neutral arbitrator.

6

But neither *Armendariz* nor any case following it holds that an arbitration agreement is substantively unconscionable if it fails to provide a procedure for choosing a neutral arbitrator. We are unaware of any such precedent, and Lopez cites none.

Lopez argues the provision is unconscionable because it allows PDS to "stonewall[]" the arbitrator selection process until Lopez agrees to PDS's preferred arbitrator. We disagree. The Agreement states that the parties agree to "binding arbitration under" the Federal Arbitration Act (FAA) with no reference to California arbitration law. The FAA's arbitration procedures thus apply to the parties' dispute. (See *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1122.) Section 5 of the FAA provides that if the parties' arbitration agreement does not contain a procedure for appointing an arbitrator, and the parties cannot agree on one, then the court can appoint one.[2] (See *Alan v. Superior Court* (2003) 111 Cal.App.4th 217, 227.) We discern nothing unconscionable about this procedure.

Lopez contends the California Arbitration Act (CAA) applies, not the FAA. But even if she is correct, the result is the same. A provision of the CAA, Code of Civil

---

[2] Section 5 states in full: "If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator."

7

Procedure section 1281.6, "mirrors" section 5 of the FAA. (*Alan v. Superior Court*, *supra*, 111 Cal.App.4th at p. 228.) It "provides that where the parties' arbitration agreement fails to provide a method of appointing an arbitrator, the method prescribed in section 1281.6 shall control." (*Cruise v. Kroger* (2015) 233 Cal.App.4th 390, 400, fn. 3.) Like section 5 of the FAA, the statute grants the trial court the authority to pick an arbitrator if the parties cannot agree on one and a party to the agreement petitions for the appointment of an arbitrator. (*HM DG, Inc. v. Amini* (2013) 219 Cal.App.4th 1100, 1107-1108.) The statute then explains how the trial court must appoint an arbitrator.[3] We discern no unconscionability in section 1281.6.

Whether or not the FAA or CAA applies, the Agreement provides a process for a court to assign a neutral arbitrator, should the parties be unable to choose a mutually

---

[3] The statute reads in full: "If the arbitration agreement provides a method of appointing an arbitrator, that method shall be followed. If the arbitration agreement does not provide a method for appointing an arbitrator, the parties to the agreement who seek arbitration and against whom arbitration is sought may agree on a method of appointing an arbitrator and that method shall be followed. *In the absence of an agreed method, or if the agreed method fails or for any reason cannot be followed*, or when an arbitrator appointed fails to act and his or her successor has not been appointed, the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator. [¶] When a petition is made to the court to appoint a neutral arbitrator, the court shall nominate five persons from lists of persons supplied jointly by the parties to the arbitration or obtained from a governmental agency concerned with arbitration or private disinterested association concerned with arbitration. The parties to the agreement who seek arbitration and against whom arbitration is sought may within five days of receipt of notice of the nominees from the court jointly select the arbitrator whether or not the arbitrator is among the nominees. [¶] If the parties fail to select an arbitrator within the five-day period, the court shall appoint the arbitrator from the nominees." (Section 1281.6, italics added.)

agreeable one. As a result, the Agreement's failure to explicitly provide a process to assign an arbitrator is not unconscionable.

Nor is the discovery provision unconscionable. The court in *Roman v. Superior Court* (2009) 172 Cal.App.4th 1462, upheld a materially identical discovery provision in an employment arbitration agreement. Like the discovery provision here, the parties' arbitration agreement there "authorized the arbitrator to order 'such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.'" (*Id*. at p. 1476.) The *Roman* court observed that there was "no meaningful difference" between this discovery provision, drawn from the American Arbitration Association's (AAA) discovery rules, and the one our Supreme Court upheld in *Armendariz.* (*Ibid*.) We similarly find no material difference between those discovery provisions and the one at issue here, and note that several courts have upheld materially identical discovery provisions as not unconscionable in other employment cases. (E.g., *Lane v. Francis Capital Management LLC* (2014) 224 Cal.App.4th 676 [AAA rules]; *Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 256, fn. 7 [AAA rules]; *Dotson v. Amgen, Inc.* (2010) 181 Cal.App.4th 976, 984 [AAA rules].) We therefore conclude the Agreement's discovery provision is not unconscionable.

After briefing was completed, Lopez filed a notice of new authority citing *Murrey v. Superior Court* (2023), 87 Cal.App.5th 1223 (*Murrey*), stating it was relevant to her

9

argument that the arbitration agreement is unconscionable. *Murrey* does not help Lopez because the discovery provisions in the extensive, complicated arbitration agreement at issue there differs from the straightforward discovery provision she challenges here.

The discovery provision in *Murrey* "set default limitations on discovery," limiting the parties to three depositions, 20 interrogatories, 15 requests for documents, 15 requests for admission, and 180 calendar days to complete discovery. (*Murrey*, *supra*, 87 Cal.5th at p. 1248.) The Court of Appeal held that these restrictions, though neutral on their face, unfairly favor the employer given that employers generally already have much of the relevant evidence in their possession or control. (*Id*. at p. 1249, citing *Baxter v. Genworth North America Corp.* (2017) 16 Cal.App.5th 713, 727-728 ["'[D]efault limitations on discovery are almost certainly inadequate to permit [the employee] to fairly pursue her claims'"].)

The *Murrey* court then rejected the employer's argument that the discovery provisions were not substantively unconscionable because they also gave the arbitrator discretion to order more discovery. (*Murrey*, *supra*, 87 Cal.App.5th at p. 1249.) The court held that this provision, though similar to the AAA rule, did not salvage the unconscionable discovery terms. (*Ibid*.) The court reasoned that an arbitrator following the AAA rule—or the discovery provision in this case—does not start with a presumption that "three depositions and a handful of written discovery was what the parties bargained for." (*Ibid*.) Moreover, instead of following the "broadly written AAA discovery rules," an arbitrator following the *Murrey* parties' arbitration agreement would have to

determine whether ordering expanded discovery violated the agreement's "23 paragraphs of confusing presumptive guidelines." (*Id*. at pp. 1249-1250.) In short, *Murrey* is distinguishable and does not apply here.

Lopez did not argue below and does not argue on appeal that any other aspect of the Agreement is substantively unconscionable aside from the arbitrator-selection and discovery provisions. Because we conclude neither provision is substantively unconscionable, the trial court erred by denying PDS and Dunn-Sanchez's petition to compel arbitration.

### 4. *Lopez's Claims Against COMP*

In their petition to compel arbitration, PDS and Dunn-Sanchez argued that Dunn-Sanchez and COMP could petition to enforce the Agreement as non-signatories to it. The trial court's ruling on the issue is somewhat unclear. The court's order states in relevant part, though Lopez argues considerably "regarding the enforcement of the arbitration agreements as to COMP," *since the recommendation is to deny the petition*, the court need not consider either parties' arguments regarding whether the scope of the agreement includes COMP. "*The recommendation below* is to deny the petition based on unconscionability, *but if the court disagrees with that recommendation*, the motion should be denied to the extent [the] petition seeks to submit the claims against COMP to arbitration for the reasons stated above—COMP has not filed a petition, does not join in the present petition, and no evidence is submitted that COMP was an agent of Pacific." Defendants have sufficiently demonstrated that plaintiff entered into the arbitration

11

agreement. (Italics added.) But the concluding line of the court's order states, "the court denies the petition because the arbitration agreement [is] procedurally and substantively unconscionable."

Thus, as PDS and Dunn-Sanchez correctly note, the trial court "ultimately declined to make a ruling on" whether COMP's claims should be arbitrated, "instead choosing to deny the motion on the grounds the Agreement was unconscionable." We disagree with PDS and Dunn-Sanchez, however, that "[t]he court did note it would deny the motion as to the claims against COMP because COMP did not join in the motion." That aspect of the trial court's order is couched in terms of a recommendation to the court that is not in the record, so it appears to have been incorporated from a recommendation from the trial court's staff. We thus do not know how the trial court would decide the issue.

Because the trial court denied PDS and Dunn-Sanchez's petition only because the court found it unconscionable, the trial court should decide whether COMP can enforce the Agreement in the first instance. (See *Williams v. Atria Las Posas* (2018) 24 Cal.App.5th 1048, 1055; *Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 508-509.) The parties and the trial court may revisit this and any remaining issues on remand.

IV.

DISPOSITION

The trial court's order denying PDS and Dunn-Sanchez's petition to compel

arbitration is reversed.  PDS and Dunn-Sanchez may recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


McKINSTER

     Acting P. J.


FIELDS

     J.