Filed 3/30/26  Sharp v. A Star Holdings CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WENDY SHARP,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>  A STAR HOLDINGS LLC et al.,<br><br>      Defendants and Appellants. | A172679<br><br>(San Francisco City &<br>County Super. Ct. No.<br>CPF-24-518797) |

Defendants and appellants A Star Holdings LLC (A Star) and Peter Acworth (Acworth) appeal from the trial court's judgment confirming an award against them following an arbitration with plaintiff and respondent Wendy Sharp (Sharp).  We direct the trial court to correct a mathematical error in the arbitrator's award and otherwise affirm.

BACKGROUND

Sharp is the owner of a property on 14th Street in San Francisco. Appellant A Star owns an adjacent property (A Star's Property).  The two properties are separated by an alley, which is the subject of an easement at issue in the present case.

In 2007, Sharp entered into an agreement with a prior owner of A Star's Property, whereby Sharp provided an easement to the alley (Easement Agreement or Agreement).  As a condition of access, a provision of the

1

Agreement entitled "Trash and Trash Removal" requires that the alley be kept "reasonably clean and sanitary." That same provision also provides a limited procedure for the owner of A Star's Property to use the alley for construction materials. That portion of the provision reads: "No more than two (2) times during each calendar year, [the owner of A Star's Property] may use the Easement Area to store construction debris and possessions of tenants during periods of construction or vacancy of apartments ('Debris'). Such Debris shall be stored in a sanitary and clean manner, . . . in a way that does not obstruct Pedestrian Access through the Easement Area and that reasonably minimizes interference with the use of the alley by Sharp. Such Debris shall not remain in the Easement Area for a period in excess of five (5) days and upon removal, [the owner of A Star's Property] shall restore the Easement Area to the condition existing prior to the storage of the Debris. [The owner of A Star's Property] shall give Sharp three (3) days prior written notice of any such usage before doing so, and agrees to pay Sharp $300.00 per day as a penalty for any usage beyond the five (5) day period provided herein."

In 2022, Sharp requested an "Easement Penalty" from A Star due to rotting garbage and garbage bag obstructions between September and December 2022. In February 2024, Sharp made a demand for arbitration pursuant to the Easement Agreement. Among other things, she claimed that appellants had locked her out of the alley; left "mounds of garbage" in the alley; and "continuously conducted construction work in the [alley] without the required notice or documentation . . . ." Sharp requested damages in an amount to be proven at arbitration, as well as attorney fees and costs.

The arbitrator took documentary and testimonial evidence, but the arbitration was not transcribed. On November 17, 2024, the arbitrator

2

issued his award. He determined there had been 94 days of violations of the Easement Agreement in 2022, 231 days of violations in 2023, and 77 days of violations in 2024. The arbitrator awarded Sharp damages at $300 per day for a total of $120,600. He also awarded Sharp $105,450 in attorney fees; $42,308.32 in costs; and $12,754.54 in expert witness fees. The arbitrator declared the total to be $180,512.86 for those items.[1] He also found that appellant Acworth was a proper party to the arbitration.

In December 2024, Sharp filed a petition and motion requesting the trial court to confirm the arbitration award. In January 2025, appellants responded to the petition and opposed the motion, requesting vacation or correction of the award. The trial court granted Sharp's motion and denied the requests in appellants' opposition, and entered judgment accordingly on January 31, 2025. The present appeal followed.

## DISCUSSION

"Because of the strong public policy favoring arbitration as a speedy and relatively inexpensive method of dispute resolution, we subject arbitration awards to very narrow judicial review. We will not examine the merits of the dispute, the reasoning of the arbitrator, or the sufficiency of the evidence. [Citation.] Judicial review is restricted to the statutory grounds for vacating or correcting an award, as found in Code of Civil Procedure sections 1286.2 and 1286.6."[2] (*Alternative Systems, Inc. v. Carey* (1998) 67 Cal.App.4th 1034, 1039, abrogated on other grounds in *Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557.) Appellants contend the trial court erred in entering the judgment because the arbitrator

---

[1] Appellants call this total "an apparent math error."

[2] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

exceeded his authority, and because the arbitrator made a mathematical error, which are both proper grounds for vacating or correcting an award. Our review of the award is de novo. (*Ajida Technologies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 541.)[3]

I.    *The Damages Award*

Appellants first contend the arbitrator "exceeded his authority" by assessing damages of $300 per day that they violated the Easement Agreement. Appellants argue that "the arbitrator's creation of an illegal daily penalty for garbage overflows is not derived from the general framework or intent of the [A]greement," because the $300 per day provision relates only to construction debris "during the turn over or construction in the apartments owned by" A Star, not to debris generated by their tenant restaurant. The arbitrator concluded "the measure of damages established by the Easement Agreement is a fair and reasonable attempt by the parties to calculate the amount reasonably necessary to compensate [Sharp] for extended intrusions and obstruction of the Easement Area by any of [appellants'] tenants." The arbitrator added, "Assessing general damages in this case might potentially yield a result more favorable to [Sharp] than the request she makes for an award limited by the contractual provision."

---

[3] Although the trial court's order did not conclude that appellants' objections were untimely, Sharp argues appellants forfeited their claims because they failed to respond to Sharp's petition to confirm the award within 10 days. (§ 1290.6.) But appellants argue the petition was not properly served on them: they point out there is no proof in the record that it was mailed to them at the same address to which it was delivered to an employee. (§ 415.20, subd. (a).) In particular, the proof of service states that "a declaration of mailing is attached," but no declaration showing mailing to the same address as the service address is attached. Therefore, Sharp has not shown the judgment can be affirmed on the alternate ground that appellants' objections were untimely.

4

Appellants' argument fails under the standard articulated in the case they rely upon. In *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 381 (*Advanced Micro Devices*), the court held that "[a]rbitrators are not obliged to read contracts literally, and an award may not be vacated merely because the court is unable to find the relief granted was authorized by a specific term of the contract. [Citation.] . . . [Citation.] The award must be related in a rational manner to the breach (as expressly or impliedly found by the arbitrator). [Fn. omitted.] Where the damage is difficult to determine or measure, the arbitrator enjoys correspondingly broader discretion to fashion a remedy." The court continued, "The award will be upheld so long as it was even arguably based on the contract; it may be vacated only if the reviewing court is *compelled* to infer the award was based on an extrinsic source." (*Ibid.*)

Here, the arbitrator's award was expressly based on the measure of damages in the Easement Agreement. Even assuming appellants are correct that the provision literally only applies to construction debris from apartments, the arbitrator did not exceed his powers in concluding it was also an appropriate measure of damages for debris in violation of the Agreement but unrelated to the apartments. This was not a remedy "expressly forbidden by the arbitration agreement." (*Advanced Micro Devices*, *supra*, 9 Cal.4th at p. 381.) Appellants' challenge to the damages award fails.[4]

_____

[4] Appellants also argue the arbitrator erred because he awarded damages for 325 days of violations but Sharp only sought penalties for approximately 184 days in her original demand for arbitration. But the demand also requested damages in an amount to be proven at arbitration and appellants do not—and cannot, given the absence of a transcript—dispute that Sharp showed 325 days of violations at the arbitration. In any event, appellants cite no authority the arbitrator was bound by Sharp's original demand.

II.    *The Inclusion of Appellant Acworth*

Next, appellants argue the arbitrator exceeded his authority by awarding damages against appellant Acworth, in addition to appellant A Star. In support of that contention, appellants cite only *Williams v. Atria Las Posas* (2018) 24 Cal.App.5th 1048, 1053, for the general proposition that " '[p]arties can only be compelled to arbitrate when they have agreed to do so.' " They point out that Acworth is not a signatory to the Easement Agreement.

Sharp asserts that the evidence at the arbitration showed that Acworth is "the sole agent and manager" of A Star; that "the LLC is without any assets, employees, or active business operations, exists only on paper and serves only to hold title to Acworth's various properties"; and that "Acworth is in charge of the operation of [a business at A Star's Property] and of the easement usage." Given the lack of a transcript of the arbitration, appellants cannot dispute the sufficiency of those showings. And appellants cite no authority that or make any argument why an individual may not be made party to an arbitration in such circumstances.

A judgment is presumed correct and it is not this court's obligation to develop a party's arguments on their behalf. (*Alvarez v. Jacmar Pacific Pizza Corp.* (2002) 100 Cal.App.4th 1190, 1206, fn. 11; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448.) Appellants have not shown the arbitrator exceeded his authority by including Acworth in the award.

III.    *The Award of Attorney Fees and Costs*

Finally, appellants point out that the arbitrator erred in calculating the award for attorney fees, costs, and expert witness fees. In those categories, the arbitrator awarded $105,450; $42,308.32; and $12,754.54, respectively, totaling $160,512.86. But, without explanation, the arbitrator stated the

6

total as $180,512.86, a $20,000 discrepancy.  Sharp does not dispute that the arbitrator made a calculation error.  We will direct the trial court to correct the arbitrator's award.  (§ 1286.6 [trial court "shall correct the award and confirm it as corrected if the court determines that: [¶] (a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award"].)

## DISPOSITION

The trial court is directed to correct the arbitrator's award to reflect that $160,512.86 was the total amount awarded by the arbitrator for attorney fees, costs, and expert witness fees.  The judgment is otherwise affirmed.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A172679)

7